No. 22-1272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

THOMAS A. FOX, and all those similarly situated,

Plaintiff-Appellee,

v.

ALCONA COUNTY, MICHIGAN, by its Board of Commissioners; CHERYL
FRANKS, in her official and individual capacities; WASHTENAW COUNTY,
MI; CATHERINE McCLARY; OGEMAW COUNTY, MI, by its Board of
Commissioners; DWIGHT McINTYRE, in his official and individual capacities;
CRAWFORD COUNTY, MI; KATE M. WAGNER; JOSEPH V. WAKELEY;
MACOMB COUNTY, MI; LAWRENCE ROCCA; PRESQUE ISLE COUNTY,
MI; and BRIDGET LALONDE,

Defendants-Appellants,

and

SAGINAW COUNTY, MI, et al.

Defendants.

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 1:19-cv-11887
The Honorable Thomas L. Ludington, District Judge

**APPELLANTS ALCONA, CRAWFORD, MACOMB, OGEMAW,
PRESQUE ISLE, and WASHTENAW COUNTIES' REPLY BRIEF ON
APPEAL**

Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503-2832
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com

*Attorneys for Alcona County*

Charles A. Lawler
Clark Hill
212 E. Cesar E. Chavez Avenue
Lansing, MI 48906
(517) 318-3100
clawler@clarkhill.com

*Attorneys for Crawford and Presque
Isle Counties*

Frank Krycia
Aaron C. Thomas
Macomb County Corporation Counsel
1 S. Main Street – 8th Floor
Mt. Clemens, MI 48043
(586) 469-6346
frank.krycia@macombgov.org
aaron.thomas@macombgov.org

*Attorneys for Macomb County*

Theodore W. Seitz
Kyle M. Asher
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933-1529
(517) 374-9100
tseitz@dykema.com
kasher@dykema.com

*Attorneys for Washtenaw County*

Gregory M. Meihn
Matthew Wise
Gordon Rees Scully Manukhani
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48304
gmeihn@grsm.com
mwise@grsm.com

*Attorneys for Ogemaw County*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... iv

INTRODUCTION ..................................................................................1

REPLY ARGUMENT .............................................................................2

I.    Fox lacks Article III standing to sue the non-Gratiot County
      Defendants....................................................................................2

      A.    Fox's assertion that this Court lacks jurisdiction to
            consider standing is frivolous ......................................................3

      B.    The district court erred in relying on juridical-link
            doctrine to create standing ..........................................................4

      C.    Fox's novel distinction between public and private sector
            defendants is not supported by law ..............................................9

      D.    A case's class-action status cannot be used to supplant
            Article III standing requirements ..............................................10

II.   The district court erred in its application of Rule 23's
      requirements ...............................................................................15

      A.    The district court's analysis of Rule 23's requirements is
            properly before this Court ..........................................................15

      B.    The district court could not have conducted a rigorous
            analysis on the record before it .................................................18

      C.    The district court misapplied the Rule 23 factors ....................22

CONCLUSION AND REQUESTED RELIEF .......................................26

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC,*
    625 F.3d 1359 (Fed. Cir. 2010) ..........................................................................14

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997)..........................................................................................11

*Bahamas Surgery Center, LLC v. Kimberly-Clark Corp.,*
    820 F. App'x 563 (9th Cir. 2020) ......................................................................14

*Clark v. Alan Vester Auto Group, Inc.,*
    No. 06 CVS 141, 2009 WL 2181620 (N.C. Super., July 17, 2009) ....................6

*In re Delta Air Lines,*
    310 F.3d 953 (6th Cir. 2002) .............................................................................17

*Driver v. Helms,*
    74 F.R.D. 382 (D.R.I. 1977) ................................................................................6

*Fallick v. Nationwide Mutual Insurance Co.,*
    162 F.3d 410 (6th Cir. 1998) ......................................................................*passim*

*Flecha v. Medicredit, Inc.,*
    946 F.3d 762 (5th Cir. 2020) .............................................................................11

*Gooch v. Life Investments Insurance Co. of America,*
    672 F.3d 402 (6th Cir. 2012) ................................................................18, 19, 22

*Halliburton Co. v. Erica P. John Fund, Inc.,*
    573 U.S. 258 (2014)....................................................................................19, 23

*La Mar v. H B Novelty Loan Co.,*
    489 F.2d 424 (9th Cir. 1973) ........................................................................7, 13

*Libertarian Party of Ohio v. Wilhelm,*
    988 F.3d 274 (6th Cir. 2021) .............................................................................14

iv

Page(s)

*Lierboe v. State Farm Mutual Automobile Insurance Co.*,
350 F.3d 1018 (9th Cir. 2003) ............................................................... 13

*Mahon v. Ticor Title Insurance Co.*,
683 F.3d 59 (2d Cir. 2012) ........................................................... 9, 10, 11

*In re: Mapco Express, Inc.*,
No. 21-5709, 2021 U.S. App. LEXIS 22757 (6th Cir. July 30,
2021) ................................................................................................. 18, 22

*Molock v. Whole Foods Market Group, Inc.*,
952 F.3d 293 (D.C. Cir. 2020) .......................................................... 11, 12

*Monaco v. Stone*,
187 F.R.D. 50 (E.D.N.Y. 1999) ................................................................ 6

*Moore v. Comfed Savings Bank*,
908 F.2d 834 (11th Cir. 1990) .................................................................. 6

*Olden v. LaFarge Corp.*,
383 F.3d 495 (6th Cir. 2004) .................................................................... 3

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ......................................................................... 10, 11

*Payton v. County of Kane*,
308 F.3d 673 (7th Cir. 2002) .................................................................. 11

*Perry v. Allstate Indemnity Co.*,
953 F.3d 417 (6th Cir. 2020) ........................................................ 6, 8, 14

*Proctor v. Saginaw County Board of Commissioners*,
No. 349557, -- N.W.2d --, 2022 WL 67248 (Mich. Ct. App. 2022) ................. 10

*Senne v. Kansas City Royals Baseball Corp.*,
2021 WL 3129460 (N.D. Cal., July 23, 2021) ......................................... 8

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ............................................................................ 13

Page(s)

*Tarrify Properties, LLC v. Cuyahoga County*,
    37 F.4th 1101 (6th Cir. 2022) .........................................................17, 24, 25, 26

*Thompson v. Board of Education of Romeo Community Schools*,
    709 F.2d 1200 (6th Cir. 1983) ..............................................................6, 13

*Universal Life Church Monastery Storehouse v. Nabors*,
    35 F.4th 1021 (6th Cir. 2022) ..................................................................3, 4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).............................................................................19, 23

*Williams v. City of Cleveland*,
    907 F.3d 924 (6th Cir. 2018) ..........................................................................13

*Young v. Nationwide Mutual Insurance Co.*,
    693 F.3d 532 (6th Cir. 2012) ..........................................................................19

**Rules**

Federal Rule of Civil Procedure 23 ....................................................*passim*

## INTRODUCTION

This appeal arises because the district court certified a class against Defendants as to which the court lacked jurisdiction and without undertaking the required rigorous analysis. In response, Plaintiff Thomas Fox offers various arguments in an effort to obscure those two major defects in the court's class-certification ruling.

First, Fox asserts that the Court does not have jurisdiction to address the federal courts' subject-matter jurisdiction, without acknowledging that this Court's published decisions (and order in this case) say exactly the opposite.

Next, Fox contends that standing is analyzed differently in class actions—that courts should pretend that they have subject-matter jurisdiction as to defend-ants who have not caused the plaintiff any harm until class certification is decided. Again, Fox ignores this Court's precedent that standing is not analyzed any differently in the context of putative class actions.

Finally, Fox supposes that district court did in fact conduct a rigorous analysis before certifying a class here. That cannot be true where (1) the defendants had not answered the pleadings; (2) the decision to certify was made while the case was stayed without the benefit of any discovery; and (3) the district court sought to shore up the lack of evidence by assuming that certain elements of class certification were met because the Defendants had not disproved them.

The district court abused its discretion when it certified the class here. That decision should be reversed, and the district court should be directed on remand to dismiss the Defendants as to which the federal courts have never had jurisdiction in this case.

## REPLY ARGUMENT

## I.    Fox lacks Article III standing to sue the non-Gratiot County Defendants.

Article III standing is a prerequisite to federal-court jurisdiction. Not only is the Article III standing question properly before this Court, it is at the heart of this appeal. (*Cf. In re Alcona Cnty.*, No. 20-110/20-111, 7/13/21 Order Referring Rule 23(f) Pets. to Merits Panel.) When this Court turns to standing, it will find that Fox has ignored a crucial distinction—the juridical-link doctrine is a valid if seldom-used procedural device to satisfy certain Rule 23 elements but not a valid substitute for Article III's injury-in-fact or traceability requirements. And Fox attempts to create other distinctions that do not exist—a lesser standing requirement for claims against public defendants than private defendants, as well as for claims involving class actions. Neither comports with the requirements of Article III. None of Fox's arguments change the fact that Fox does not have standing to assert claims against the non-Gratiot County Defendants.

### A.    Fox's assertion that this Court lacks jurisdiction to consider standing is frivolous.

Fox devotes a significant portion of his brief to asserting that the question of standing is not properly before this Court. (Fox Br. 1-6, 31-35.) Specifically, Fox claims that Federal Rule of Civil Procedure 23(f) is a narrow exception to the general rule that limits this Court's jurisdiction to appeals of final orders, and standing does not fall within the collateral-order doctrine. (*Id.* at 2.) Fox's argument is frivolous.

Critically, Fox's position is directly contrary to published decisions of this Court.  In *Olden v. LaFarge Corp.*, this Court made clear that "[t]he question of subject matter jurisdiction is a prerequisite to class certification and is therefore properly raised in [a] Rule 23(f) appeal." 383 F.3d 495, 498 (6th Cir. 2004). While Fox cites the *Olden* decision elsewhere in his brief, he makes no attempt to address *Olden* when arguing that the standing issue is outside of this Court's purview.

Fox's argument also contradicts this Court's recent decision in *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). There, this Court held that "on interlocutory appeal, we review both the disputed collateral order and any other issue that we must examine 'to ensure meaningful review' of the collateral order. Because we believe that standing is one such issue here, we will consider it first before turning to sovereign immunity." *Id.* (*quoting Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)). Again, although Fox

cites the *Nabors* decision elsewhere in his brief, he fails to address this holding in his jurisdictional discussion.

In addition to failing to bring these binding precedents to the Court's attention, Fox's position also contradicts this Court's Order granting the Rule 23(f) petitions. (3/30/2022 Order, ECF No. 16-2.) In that Order, after quoting the *Olden* decision, this Court explained that because this Court "recently concluded that defendants could not challenge Fox's standing through an interlocutory appeal, . . . this is defendants' only opportunity to address this novel issue before a final judgment on the merits." (*Id.*) Thus, Fox's assertion that the issue of standing is "outside the scope of this appeal" ignores the very basis on which this Court granted Defendants' petition to appeal. (Fox Br. 1.) Not only is standing properly before this Court, it is a "novel [issue] in this circuit and of relevance 'not only in the litigation before the court, but also to class litigation in general.' " (3/30/2022 Order, ECF No. 16-2 (*quoting In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002) (per curiam)).)

## B.     The district court erred in relying on juridical-link doctrine to create standing.

The district court improperly relied on the juridical-link doctrine to find that Fox has standing against the non-Gratiot County Defendants. As explained in the County Defendants' opening brief, this was an error because the juridical-link

4

doctrine addresses the adequacy of a class representative and typicality of the claims, not standing.  The judge-made doctrine cannot provide Article III standing where a plaintiff lacks an injury traceable to each defendant.

Fox claims that the district court did not err in relying on the juridical-link doctrine because it was following "the law of this Circuit and the consensus of courts nationwide." (Fox Br. 18.) Fox even goes so far as to claim that this doctrine has been "pervasively applied" by courts. (*Id.* at 19.) None of these claims are accurate.

The County Defendants do not dispute that courts have applied the juridical-link doctrine on numerous occasions to determine whether class certification is proper. But as the County Defendants' initial brief makes clear, many courts—including a majority of circuits that have addressed this issue—have refused to apply the doctrine to confer standing. (Defs.' Br. 26-31.) Fox does little to address this specific point or otherwise explain how a judge-made doctrine can create Article III standing. And while Fox accuses the County Defendants of "laying out a complex standing argument that needlessly complicates this straightforward rule" (Fox Br. 24), Fox buries the reader in citations to obscure the critical distinction, relying on cases where courts have applied the juridical-link doctrine to certify a class to contend that have misapplied the doctrine to create Article III standing. (*See, e.g.*, *id*. at 18-23, *citing La Mar v. H B Novelty Loan Co.*, 489 F.2d 424, 461

(9th Cir. 1973) (addressing class certification, not standing); *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838 (11th Cir. 1990) (addressing joinder, not standing); *Monaco v. Stone*, 187 F.R.D. 50 (E.D.N.Y. 1999) (addressing class certification, not standing); *Clark v. Alan Vester Auto Grp., Inc.*, No. 06 CVS 141, 2009 WL 2181620, at *7 (N.C. Super., July 17, 2009) (noting that "[t]he juridical-link doctrine is not relevant to the issue of standing, and is properly confined to an analysis of the prerequisites to class certification" (quotation omitted)); *Driver v. Helms*, 74 F.R.D. 382, 405 (D.R.I. 1977) (subsequent history omitted).)

By contrast, the rule proffered by the County Defendants is simple, as it merely involves applying the longstanding requirement of Article III standing: the individual plaintiff who seeks to represent a class must have suffered an injury from each of the named defendants. This rule honors the Court's explanation that a plaintiff "cannot acquire . . . merely by virtue of bringing a class action." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

Contrary to Fox's suggestion, the juridical-link doctrine has never been applied by this Court to establish Article III standing. In fact, in its Order granting the Rule 23(f) petitions, this Court noted: "Our court has recognized the parameters of the doctrine, but never held that the doctrine applied in a circumstance like the one here." (3/30/2022 Order, ECF No. 16-2, *citing Perry*, 953 F.3d at 420 n.20; *Thompson*, 709 F.2d at 1204-06.) Nonetheless, Fox says that this Court

6

"effectively invoked the doctrine" in *Fallick*. (Fox Br. 20.) Relying on another court's misinterpretation of *Fallick*, Fox alleges that " 'the [*Fallick*] court reasoned that, in the presence of the concerted action completed in *La Mar*, it is not necessary that each named plaintiff have individual standing to sue each named defendant.' " (*Id.*, quoting *Payton v. Cnty. of Kane*, 308 F.3d 673, 679 (7th Cir. 2002).) But *Fallick* said no such thing. *Fallick* did not mention *La Mar*, and it did not hold that when multiple defendants are involved in a lawsuit, the plaintiff can proceed if she has standing against only one defendant. Nor could it have. The class claims in *Fallick* involved a challenge to numerous ERISA-governed benefit plans administrated *by a single defendant*—Nationwide Mutual Insurance Company.[1] 162 F.3d at 411. Because the plaintiff in *Fallick* had established individual standing to bring a suit against Nationwide, the question then became whether Fallick satisfied the criteria of Rule 23 with respect to the absent class members— *i.e.*, whether he could represent participants of other plans administered or insured by Nationwide in which Fallick was not a participant or beneficiary. *Id.* at 423. The *Fallick* court had no opportunity to address whether a plaintiff with standing as to

---

[1] Nationwide Life Insurance Company was also named as a defendant, but only as the parent company for Nationwide Mutual.

one defendant can assert claims against other defendants as to whom the plaintiff alleges no injury.

To the extent this Court "invoked" the juridical-link doctrine in *Fallick*, it did not do so to create Article III standing. Instead, it held that "an individual in one ERISA benefit plan can *represent a class* of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." *Id.* at 422 (emphasis added). That is the proper application of the juridical-link doctrine because it addresses the adequacy of a class representative.

This Court's holding in *Perry v. Allstate Indemnity Co.* confirms that this Court does not treat the juridical-link doctrine as a means to create standing. There, this Court specifically referred to the doctrine as a "sparingly applied *class-certification doctrine*" used to "meet the Federal Rule of Procedure 23's class certification requirements." 953 F.3d 417, 420 n.2 (6th Cir. 2020) (emphasis added).

Despite Fox's efforts to confuse the issue, numerous courts have refused to use the juridical-link doctrine to vary Article III standing requirements. (*See* Defs.' Br. 26-29.) *See also Senne v. Kansas City Royals Baseball Corp.*, 2021 WL 3129460, at *16 (N.D. Cal., July 23, 2021). This Court should do the same. And

because Fox has not personally suffered an injury by *all* the County Defendants, he

lacks standing to pursue his claims against the non-Gratiot County Defendants.

### C.    Fox's novel distinction between public and private sector defendants is not supported by law.

After glossing over the crucial distinction discussed above, Fox pivots to

creating an artificial distinction. Specifically, Fox argues that "there is a clear

consensus that the juridical link doctrine applies to public sector cases" and asserts

that "[a]ny disagreement involves the doctrine's application to private sector

defendants." (Fox Br. 28.)

But this purported distinction has not been adopted by *a single circuit*. In

fact, the only support Fox could muster for this proposition is a concurrence in the

*Mahon* case (and a handful of district court decisions to which that concurrence

refers). While Fox claims that "the issue in *Mahon* was the extent to which the

juridical link doctrine can apply to *private sector* defendants" (*Id.* at 27), the

holding in *Mahon* had nothing to do with the defendant's private nature. The court

simply held that "whether or not Rule 23 would permit a plaintiff to represent a

class against non-injurious defendants cannot affect the plaintiff's Article III

standing to sue the non-injurious defendants." *Mahon v. Ticor Title Ins. Co.*, 683

F.3d 59, 64 (2d Cir. 2012). The court went on to explain that "[a] federal rule

cannot alter a constitutional requirement. It is well established that a plaintiff must

demonstrate standing for each claim [s]he seeks to press. Thus, *with respect to each asserted claim,* [a] plaintiff must always have suffered a distinct and palpable injury to [her]self." *Id.* (citations and quotation marks omitted). This holding is equally applicable to cases involving a private defendant and a public defendant.[2]

The same is true of the other cases cited in the County Defendants' opening brief—the critical issue in each case was not the defendant's nature; it was whether a defendant belongs in a case when no named party has standing to sue that defendant. The Constitution does not contain a lesser standard under Article III for justiciable controversies against public defendants than for private defendants. Fox's contrived distinction has no basis in Article III.

### D.    A case's class-action status cannot be used to supplant Article III standing requirements.

Finally, Fox argues that "[c]ourts properly consider standing in terms of the certified class, not the original named plaintiffs." (Fox Br. 24.) In support of this argument, Fox relies on *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) and

---

[2] Fox once again fails to mention the analogous case of *Proctor v. Saginaw County Board of Commissioners*, No. 349557, -- N.W.2d --, 2022 WL 67248 (Mich. Ct. App.  2022), despite Fox's counsel's involvement in that case. In *Proctor*—a case involving numerous public sector defendants—the Michigan Court of Appeals refused to apply the juridical-link doctrine to create standing for the individual plaintiff who sought to represent a class but did not otherwise have standing to sue each of the named defendants.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), as well as the misinterpretation of those cases in *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002). Specifically, Fox claims that *Ortiz*'s statement that "class certification issues are . . . logically antecedent to Article III concerns" means that standing is not relevant until after the class certification stage. Not so.

Fox's argument wholly ignores County Defendants' analysis of *Ortiz* and *Amchem* in their opening brief. (Defs.' Br. 27-31.) As County Defendants explained, the Court's "logical antecedence" language on which Fox so heavily relies "is relevant when resolution of class certification obviates the need to decide issues of Article III standing;" however, it is not an instruction to courts "to always treat class certification first and to treat the class as the relevant entity for Article III purposes." *Mahon*, 683 F.3d at 64. This approach of selecting among different avenues for declining to entertain a case is consistent with the Court's later decision in *Amchem*.

For this reason, Fox's citation to *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 768 (5th Cir. 2020), is inapposite. There, the Fifth Circuit noted that "the Supreme Court has repeatedly instructed that we should first decide whether a proposed class satisfies Rule 23, before deciding whether it satisfies Article III—*and that there is no need to answer the latter question if the class fails under the former*." *Id.* (emphasis added). *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 299

(D.C. Cir. 2020) is similarly unavailing. There, based on the particular facts of the case, the D.C. Circuit held that "whether the putative nonresident class members are parties to the action is 'logically antecedent' to whether the court has authority to exercise personal jurisdiction over them." *Id.* Specifically, the court explained that because putative class members are not parties to the action before class certification, it was premature to address the defendants' motion to dismiss all nonresident putative class members for lack of personal jurisdiction.

This Court's decision in *Fallick* further demonstrates the fallacy of Fox's approach of certifying the class and then addressing standing as to the class.  In *Fallick*, this Court explained that "[t]hreshold *individual* standing is a prerequisite for all actions, including class actions." 162 F.3d at 423 (emphasis added). Thus, "[a] potential class representative must demonstrate individual standing vis-a-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Id.* This is because " '[i]n its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' *between himself and the defendant* within the meaning of Article III. This is the threshold question in every federal case, determining the power of the court to entertain the suit.' " *Id.* at 422, *quoting Warth v. Seldin,* 422 U.S. 490, 498 (1975). This is precisely why this Court in *Fallick first* determined whether the plaintiff had standing to sue the defendant and *then* analyzed whether the plaintiff satisfied the

12

criteria of Rule 23 with respect to the absent class members. *Id.* at 423. *See also Lierboe v. State Farm Mut. Auto. Ins. Co*., 350 F.3d 1018, 1022 (9th Cir. 2003), *quoting* 3 Herbert B. Newberg on Class Actions § 3:19, at 400 (4th ed. 2002) (" '[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue.' ").

And this makes sense, given that a contrary rule would directly contradict the fundamental principles of Article III standing. *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) ("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong."); *Thompson v. Bd. of Ed. of Romeo Cmty. Schools*, 709 F.2d 1200, 1204 (6th Cir. 1983) ("Standing is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23 alters this requirement."); *La Mar*, 489 F.2d at 462.

Further, Fox's approach is contrary to the long-standing principle that standing must be determined "at the outset of litigation." *Williams v. City of Cleveland*, 907 F.3d 924, 933 (6th Cir. 2018) ("The class action nature of Williams's complaint . . . does not affect whether Williams, as the named plaintiff, had 'a live, actionable claim for injunctive relief at the time [she] filed suit.' "

(citation omitted)). Certification does not magically remedy a lack of jurisdiction. *Perry*, 953 F.3d at 420.

Neither does amending the complaint to add plaintiffs, as Fox suggests. (Fox Br. 33-35.) The absence of standing at the beginning of the case cannot be remedied by later events in the case. *Libertarian Party of Ohio v. Wilhelm*, 988 F.3d 274, 278 (6th Cir. 2021). Quite the contrary, when a class representative lacks standing at the outset, the entire case is tainted. *See Bahamas Surgery Ctr., LLC v. Kimberly-Clark Corp.*, 820 F. App'x 563, 565-66 (9th Cir. 2020) ("Even if other class members have valid claims against Halyard, that cannot retroactively cure the district court's improper certification of a class wherein the named plaintiff (Bahamas) lacked standing to pursue those claims.") Here, because Fox lacked standing against the non-Gratiot County Defendants when the case was filed, all of the court's actions taken since the outset of the case—including certifying the class and preventing the class members from resolving claims pursuant to state law—are void. Any later amendment (something that Fox has failed to even attempt at any point during the case) would not cure the initial defect in subject-matter jurisdiction or retroactively validate the actions taken by the court when it lacked subject-matter jurisdiction. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) ("[I]f the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured

after the inception of the lawsuit." (citation and quotation marks omitted)).

Because Fox did not suffer any injury traceable to the non-Gratiot County

Defendants, they are not proper parties to the case. This cannot be remedied by

application of the juridical-link doctrine or retroactively through class certification

or amending the complaint to add new parties.

Because there is no justiciable controversy between Fox and the non-Gratiot

County Defendants, the Court should order the district court to dismiss the non-

Gratiot County Defendants from the case.

## II.    The district court erred in its application of Rule 23's requirements.

The Counties' Rule 23(f) petition and brief on appeal next argued that, even

if Fox had Article III standing as to Counties other than Gratiot, its analysis of the

Rule 23 factors was still flawed. Fox offers a few arguments in response, none of

which are persuasive.

### A.    The district court's analysis of Rule 23's requirements is properly before this Court.

To start, Fox argues that the Counties' arguments regarding the Rule 23

factors "are inappropriate for a Rule 23(f) appeal," "are best deferred until the

case's conclusion," and that the doctrine of laches bars this Court's consideration

of these arguments, and that.  (Fox Br. 39-40.) He offers no support for this

position.

The district court issued its opinion granting class certification on October

16, 2020.  (R.124, Order Granting Class Certification, PageID.2284.)  Two weeks

later, the Alcona, Crawford, Macomb, Ogemaw, Presque Isle, and Washtenaw

Defendants filed a Rule 23(f) petition.  *In re: Alcona Cty.*, Case No. 20-0111 (6th

Cir.) That petition explained in detail that "[g]ranting class certification before

resolving the motions to dismiss was also unusual and erroneous," and that "[t]he

district court misapplied Rule 23." (Petition 17-22, Case No. 20-0111 ECF No. 1-

2.)

This Court granted that petition, and did not limit the issues that could be

raised in merits briefing.  Because the Court concluded that the district court's

application of the juridical-link doctrine was a "novel or unsettled question of

law," the Court exercised its "unfettered discretion" to grant the petition based "on

this factor alone," without the need to consider the Counties' remaining arguments.

(3/30/2022 Order 4, Case No. 20-0111, ECF No. 32-2.)  The Counties then raised

the same issues set forth in the Rule 23(f) petition as they did in their opening

brief.

Thus, contrary to Plaintiff's arguments, the Counties are not raising

arguments that are "inappropriate" for this appeal.  Nor could their arguments—

which were appealed immediately after the District Court's opinion—be barred by

16

laches.  These arguments were raised at the earliest possible time,[3] and they were immediately appealed to this Court. This Court has the authority to rule on these arguments which, given the lack of any factual record before the district court, are distinct from the "case-specific matters of fact and district court discretion" that courts typically decline to consider on a Rule 23(f) petition. *In re: Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002). And in doing so, the Court need not—as Plaintiff asserts—apply an abuse of discretion review to each of the District Court's determinations. Rather, this Court "give[s] fresh review to any legal interpretations of Civil Rule 23[.]" *Tarrify Props., LLC v. Cuyahoga Cnty.*, 37 F.4th 1101, 1106 (6th Cir. 2022). As set forth below, the District Court's analysis largely rested on its flawed interpretation that Rule 23's "rigorous analysis" standard permits the Court to certify a class before several parties have had the opportunity to file an opposition brief, and before any discovery or opportunity for discovery has occurred.

---

[3] As set forth in the opening brief, the Alcona and Washtenaw Defendants were not afforded the opportunity to raise *any* arguments to the District Court, as the District Court's Opinion issued before the deadline for those Defendants to respond to the class certification motion had lapsed.

## B.    The district court could not have conducted a rigorous analysis on the record before it.

After focusing on illusory procedural issues they say prevent this Court from considering the Rule 23 factors, Fox criticizes the Counties for raising arguments that "largely concern the District Court's procedure, as opposed to the substance of whether class certification is proper under Rule 23." (Fox Br. 40.)  Hypocrisy aside, they miss the point.  The procedure applied by the district court makes it impossible to evaluate the substance, deprives the Defendants of their due process rights, and fatally infects the entire analysis.

On multiple occasions, this Court has rejected approaches similar to the district court's here. In one instance, the Court "found a due process violation in a class action when a defendant was added so late it had no opportunity to answer the complaint, to conduct discovery, or to submit a brief before the district court issued a class certification order[.]" *In re: Mapco Express, Inc.*, No. 21-5709, 2021 U.S. App. LEXIS 22757, at *3 (6th Cir. July 30, 2021) (citing to the Court's analysis in *In re: Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996)).

And in another, the Court examined a trial court's opinion that "took plaintiff's allegations 'as true' and resolved doubts 'in the plaintiff's favor' while conducting" only "'[a] limited factual inquiry into the class allegations, including the deposition of the named plaintiff." *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012). This Court did not mince words: "This standard is clearly

wrong." *Id.* A "limited factual inquiry assuming plaintiff's allegations to be true does not constitute the 'rigorous analysis' we have repeatedly emphasized." *Id.* (cleaned up).

Quite the contrary, "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id.*; *see also, e.g.*, *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) ("[P]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule[.]"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) ("The party seeking class certification has the burden to prove the Rule 23 certification requirements.").

The district court's approach ran afoul of these well-settled standards and tainted its entire analysis. Unlike in *Gooch*, where the trial court at least conducted a "limited factual inquiry into the class allegations"—consisting of the review of the plaintiff's deposition transcript, and other "affidavits and exhibits that the [c]ourt deem[ed] sufficient," 672 F.3d at 417-18—here, the court did not even go that far.

19

Again, the district court stayed this case on its own accord on January 10, 2020. (R.85, Order Staying the Case, PageID.1146.) At that time, the case was still at the pleading stage. No depositions had been taken. No written discovery had been conducted. Some parties had not been served.  (R.86, Alcona Cnty. Summons, PageID.1155.) Other parties had not responded to the Complaint. And no class certification motion was pending.

Fox did not seek class certification until September 14, 2020. (R.93, Mot. for Class Cert., PageID.1277.) The case was still stayed. The Defendants who had not responded to the complaint had no obligation to do so with the stay in effect. And no Defendant had an obligation to respond to the class-certification motion— although some opted to do so. The stay was not lifted until October 16, 2020 when, in the same order, the district court lifted the stay and granted class certification— before the Alcona and Washtenaw Defendants had notice of the court's intent to do so, or an opportunity to respond to the class certification motion.

Despite this posture, Fox spends over a page pointing the finger at the defendants. He contends this "is not a case in which a defendant sought precertification discovery, was denied, and can point to that denial as a critical factor in a misguided certification."  (Fox Br. 44-45.)  "Rather," he argues, "none of the Counties meaningfully sought certification-related discovery, and now try to use their failure as an excuse for seeking the certification's overturning." (*Id.* at

45.)  That makes no sense. There is a reason Defendants did not request pre-certification discovery. The case was stayed while it was still in its pleadings-stage infancy, and the Defendants had no notice the stay would be lifted and a class would simultaneously be certified. Defendants were not required to respond to the class-certification motion at all, much less seek discovery while the case was stayed.

Fox further contends that, regardless of the posture and lack of discovery, the district court conducted a "careful and thorough analysis" that rested on "the extensive record before" it.  (*Id.* at 41-42.) That "extensive record" of exhibits submitted by Fox in support of his class certification motion consists solely of: unpublished cases (R.93-2, PageID.1313); a single spreadsheet of properties that have been foreclosed on—without reference to who the property owner was, whether others have an interest in the property, or whether the property owner was, in fact, deprived of surplus proceeds (R.93-3, PageID.1402); a transcript from a state circuit court case (R.93-4, PageID.1430); a resume from one of plaintiff's attorneys (R.93-5, PageID.1455); and a declaration from another of plaintiff's attorneys, attesting, among other things, that he has "never been reprimanded,

censured, or otherwise professionally disciplined by the bar of any of the courts for which I am admitted."[4] (R.93-6, Ellison Decl. ¶5, PageID.1470.)

That is not an "extensive record." The district court took the same approach that has been rejected by this Court on several occasions.  It certified a class during the pendency of a stay before defendants had the opportunity "to conduct discovery, or to submit a brief before the district court[.]" *Mapco*, 2021 U.S. App. LEXIS 22757, at *3 (citing *In re: Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996)). And given the lack of any discovery, record evidence, or briefing by several defendants, it had no choice but to take "plaintiff's allegations 'as true' and resolve[] doubts 'in the plaintiff's favor.' " *Gooch*, 672 F.3d at 417.

## C.    The district court misapplied the Rule 23 factors.

The district court's flawed procedural approach had a significant effect on the substance of its analysis. It was impossible for Plaintiff to "*prove*—not simply plead—that [his] proposed class satisfies each requirement of Rule 23," *Halliburton*, 573 U.S. at 275, or to "affirmatively demonstrate his compliance with

---

[4] That has since changed.  *See Garcia v. Title Check, LLC*, No. 1:20-cv-00724, ECF No. 33 (W.D. Mich. June 28, 2022) (finding that the same counsel "unreasonably and vexatiously multiplied the proceedings in th[at] case by raising claims he should have known were frivolous" and that, even in response to the sanctions motion, counsel "conveniently omit[ted]" relevant statutory language through a "characterization" that was "inaccurate.").

the Rule," *Dukes*, 564 U.S. at 350, based solely on one spreadsheet. Instead, the court shifted the burden to the defendants to prove that Fox could not meet Rule 23's standards.

For instance, when assessing the adequacy requirement, the district court found that "there is no evidence of a conflict of interest. Defendants hint at the existence of antagonisms between Plaintiff, his counsel, and the class but provide no evidence." (R.124, Order 19, PageID.2302.) But again, there was a reason for that. There was no evidence *period*. Defendants had no opportunity to depose the plaintiff or send written discovery to the plaintiff, nor did some Defendants have an opportunity to respond to the class certification briefing. Regardless, it was not Defendants' burden to provide evidence it had no opportunity to obtain.  It was Fox's burden to "affirmatively demonstrate" adequacy—something he could not do on the record before the District Court.

Along similar lines, Fox says that "the Counties offer no suggestion of how discovery might have affected the Court's exercise of its broad certification-related discretion."  (Fox Br. 44.) That too is incorrect. (*See* Defs.' Br. 32-46 (explaining flaws in district court's analysis).) And this Court need only look to its own recent opinion to see how the benefit of the parties' briefing and engaging in discovery could have aided the district court.

Last month, this Court examined Ohio plaintiffs' argument that a district court erred in refusing to "certify a class of owners of foreclosed properties in Cuyahoga County, Ohio" who "challenge[d] Ohio's tax foreclosure statute as a taking under the federal and state constitutions" because it "does not permit them to capture equity in their properties after the county transfers them to a land bank." *Tarrify Props*, 37 F.4th at 1104. Those plaintiffs argued that under the Ohio law, they were unable to "obtain the excess equity in the property after the land bank receives it," and that they were entitled to the property's "fair market value." *Id.* at 1104. The District Court permitted a significant amount of discovery to occur before considering the class certification briefing. *See, e.g.*, *Tariffy Props., LLC v. Cuyahoga Cnty.*, No. 1:19-cv-02293, ECF No. 41 (Order resolving discovery dispute and ordering documents to be produced); ECF No. 53 (citing requests for admission, expert testimony, Rule 30(b)(6) deposition testimony, and fact witness deposition testimony).

Based on a complete record and competing expert testimony, the district court and this Court found the claims were not suitable for class treatment. It identified the following issues:

*Ascertainability*:  Because a plaintiff is only entitled to damages if "excess equity" was taken, "the court must ask whether a given property's fair market value exceeds the taxes owed at the time of the transfer to determine who is in the class."

*Id.* at 1106. But "[d]etermining fair market value requires an independent and individualized assessment of each absent class member's property." *Id.* "As the appraisal experts on both sides agree, the valuation of real property depends on many circumstances, including the size, location, use, and condition of the property and the relevant market conditions at the time of the transfer. The market and physical conditions of each property will vary. So too will the dates of each transfer." *Id.* "As such, a court must conduct an individualized, fact-intensive, and adversarial process to determine the fair market value for each property." *Id.* There, it was not even clear whether the named plaintiff "comes within the class" as the "county's expert testified that [its] property value fell *below* the taxes owed." *Id.* Here, Defendants had no opportunity to present such evidence.

*Predominance*: "Even as the claims turn on a question that is easy to understand—does each property include surplus equity?—they require proof that is variable in nature and ripe for variation in application." *Id.* at 1106-07. "The shifting facts and circumstances about the value of each property likely will dominate the proceedings, as the district court found, and run the risk of undercutting the efficiencies and ease of administration that otherwise might favor classwide resolution of the claims." *Id.* at 1107. "Look at what you wish— ascertainability, predominance, or superiority—the district court reasonably

rejected this class-certification motion given the individualized nature of each inquiry into the fair market value of each property at the time of transfer." *Id.*

As this Court recognized, "what seems simple is not." *Id*. The same is true here—both as to a fair-market-value calculation, which Fox spends pages arguing is appropriate in this case, too (Fox Br. 46-49)—and as to other issues identified in Appellant's opening brief that Defendants had no opportunity to brief before the district court.

## CONCLUSION AND REQUESTED RELIEF

For all the foregoing reasons and those stated in Defendants' opening brief, the Court should reverse the district court's class-certification decision and direct the district court to dismiss the non-Gratiot County Defendants from the case on remand.

Dated: July 15, 2022

<table>
<tr><td>

*s/ Matthew T. Nelson*

Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503-2832
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com

*Attorneys for Alcona County*

</td><td>

*s/ Theodore W. Seitz (w/permission)*

Theodore W. Seitz
Kyle M. Asher
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933-1529
(517) 374-9100
tseitz@dykema.com
kasher@dykema.com

*Attorneys for Washtenaw County*

</td></tr>
</table>

*s/ Charles A. Lawler (w/permission)*
Charles A. Lawler
Clark Hill
212 E. Cesar E. Chavez Avenue
Lansing, MI 48906
(517) 318-3100
clawler@clarkhill.com

*Attorneys for Crawford and Presque Isle Counties*

*s/ Matthew Wise (w/permission)*
Gregory M. Meihn
Matthew Wise
Gordon Rees Scully Manukhani
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48304
gmeihn@grsm.com
mwise@grsm.com

*Attorneys for Ogemaw County*

*s/ Frank Krycia*
Frank Krycia
Aaron C. Thomas
Macomb County Corporation Counsel
1 S. Main Street – 8th Floor
Mt. Clemens, MI 48043
(586) 469-6346
frank.krycia@macombgov.org
aaron.thomas@macombgov.org

*Attorneys for Macomb County*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B)(ii). The foregoing reply brief contains 6,000 words of Times New Roman 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

Dated:  July 15, 2022

*s/  Matthew T. Nelson*
Matthew T. Nelson
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503-2832
(616) 752-2000
mnelson@wnj.com

# CERTIFICATE OF SERVICE

This certifies that Appellants' Brief was served July 15, 2022, by electronic mail using the Sixth Circuit's Electronic Case Filing system on all parties of record.

s/ Matthew T. Nelson
Matthew T. Nelson
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503-2832
(616) 752-2000
mnelson@wnj.com

## DESIGNATION OF RECORD

| Doc. Entry No. | Date Entered | Page ID Range | Description of Doc. |
|---|---|---|---|
| R.85 | 01/10/2020 | 1146 | Order Granting Motion for Second Summons, Directing Clerk of Court to Issue Second Summons, Denying as Moot Motion to Dismiss Initial Complaint, and Staying the Case |
| R.86 | 01/13/2020 | 1155 | Alcona County Summons |
| R.93 | 09/14/2020 | 1277 | Plaintiff's Motion for Class Certification and Appointment of Class Counsel and Class Representative |
| R.93-2 | 09/14/2020 | 1313 | Exhibit A - Unpublished Cases |
| R.93-3 | 09/14/2020 | 1402 | Exhibit B – 2018 Foreclosure Data |
| R.93-4 | 09/14/2020 | 1430 | Exhibit C – Transcript in *Zettle v. Charlevoix Cnty.* |
| R.93-5 | 09/14/2020 | 1455 | Exhibit D – Miller Law Firm Resume |
| R.93-6 | 09/14/2020 | 1469 | Exhibit E - Ellison Declaration |
| R.124 | 10/16/2020 | 2284-2302 | Order Granting Plaintiffs' Motions to Lift the Stay, Certify the Class, and Appoint Class Counsel, and Denying Plaintiff's Motion for Expedited Consideration and Wayside Church's Motion to Leave to File a Response as Moot |